# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JUNE SESSION, 1997

| | | |
|---|---|---|
| **WILLIE JACKSON,** | ) | **C.C.A. NO. 02C01-9606-CR-00195** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. L. T. LAFFERTY** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FILED

August 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

D. TYLER KELLY
P. O. Box 98
Jackson, TN 38302

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DEBORAH A. TULLIS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

JOHN W. PIEROTTI
District Attorney General

KAREN COOK
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Willie Jackson, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. The Petitioner filed a pro se petition for post-conviction relief on April 15, 1996. On April 21, 1996, the trial court dismissed the petition without conducting an evidentiary hearing, finding that it was barred by the statute of limitations.[1] We affirm the judgment of the trial court.

On July 18, 1977, the Petitioner was convicted of bank robbery in the United States District Court for the Western District of Tennessee. He was sentenced to thirty years imprisonment for that offense. He was paroled on February 28, 1985, with eight thousand one hundred eighty-four days remaining to be served on his federal sentence. On April 25, 1990, in Shelby County Criminal Court, he was convicted upon guilty pleas of five counts of robbery with a deadly weapon. He was sentenced to an effective term of twenty years imprisonment with the Tennessee Department of Correction. On May 16, 1990, a federal warrant was issued for the Petitioner on grounds that he had violated a condition of his parole. His parole was revoked on June 21, 1995, and he was returned to federal custody on July 20, 1995.

On April 15, 1996, the Petitioner filed a petition for post-conviction relief which is the subject of the case sub judice. In the petition, he argued that he was denied the effective assistance of counsel at his guilty plea proceeding and that

---

[1] See Tenn. Code Ann. § 40-30-206(b) (Supp. 1996).

both the trial court and his counsel failed to inform him that his convictions could later be used as a basis for enhancement. The trial court found that the petition was barred by the statute of limitations and dismissed it without conducting an evidentiary hearing. It is from the trial court's order of dismissal that the Petitioner appeals.

On appeal, the Petitioner contends that the trial court erred in finding that his petition for post-conviction relief was barred by the statute of limitations. At the time the Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). The expiration of the three-year statute of limitations in the Petitioner's case occurred in 1993. As we stated above, the present petition was not filed until April of 1996.

Of course, the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). This Act provides, in pertinent part, that "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). The Petitioner argues that the terms of the new Post-Conviction Procedure Act allowed him one year from May 10, 1995, to file his petition and, thus, his April 1996 petition was timely filed.

We recognize that another panel of this Court has held, with one member dissenting, that the new Post-Conviction Procedure Act provides "a one-year window" during which each and every defendant may file a petition. See Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App., Knoxville, July 11, 1996), perm. to appeal granted (Tenn. 1996). The Carter court held that the one-year window is available even if the petition would have been long ago barred by the three-year statute provided under the previous act.

Other panels of this Court have followed the reasoning of the dissent in Carter and held that the 1995 Act did not provide previously-barred petitioners with a new one-year period from May 10, 1995 during which they could petition for post-conviction relief. See Doyle Carter v. State, C.C.A. No. 01C01-9511-CC-00398, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Eric C. Pendleton v. State, C.C.A. No. 01C01-9604-CR-00158, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Wallace Butler v. Ricky Bell, Warden, C.C.A. No. 02C01-9510-CC-00297, Fayette County (Tenn. Crim. App., Jackson, Nov. 19, 1996); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289, Shelby County (Tenn. Crim. App., Jackson, Dec. 2, 1996); Stephen Koprowski v. State, C.C.A. No. 03C01-9511-CC-00365, Anderson County (Tenn. Crim. App., Knoxville, Jan. 28, 1997); Steve Koprowski v. State, C.C.A. No. 03C01-9511-CR-00378, Knox County (Tenn. Crim. App., Knoxville, Jan. 28, 1997).

We choose to follow the reasoning set forth in the Carter dissent. In our view, the one-year window provided by the language of the new Act is applicable only to those petitioners who were not already barred by the previous statute of

-4-

limitations at the time the new Act took effect. Thus, if the previous three-year statute of limitations had not expired on a petitioner at the time the new Act took effect, he or she would have one year from the effective date of the statute, May 10, 1995, to file for post-conviction relief. This approach is in accordance with the general tenor of the entire Act as well as its legislative history.

In the case sub judice, the record indicates that the Petitioner was convicted and sentenced in April of 1990. The previous three-year statute of limitations expired for the Petitioner in April of 1993. As a result, the Petitioner was already barred by the previous statute of limitations on the date the new Act took effect, May 10, 1995. In addition, the Petitioner has not demonstrated that he fits within an exception to the statute of limitations. See Tenn. Code Ann. §§ 40-30-202(b) and -202(c) (Supp. 1996). Accordingly, the trial court did not err in finding that the petition was barred by the statute of limitations.

For the reasons set forth in the discussion above, we conclude that the trial court did not err in dismissing the petition for post-conviction relief. We therefore affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

-5-

CONCUR:

-6-

_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE